IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stanley Eppenger, ) | C/A 2:13-1958-TMC-WWD |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Joseph McFadden, ) | |
| Respondent. ) | |
| _____) | |

The Petitioner, Stanley Eppenger, a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment filed on December 16, 2013. (Dkt. 16, 17).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

Eppenger brought this habeas corpus action on July 17, 2013. (Dkt. 1). Respondent moved for summary judgment and by order filed on December 17, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Eppenger was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt.18). Eppenger moved before the court for additional time to respond three (3) times, which motions were granted. On June 5, 2014, the matter was assigned to the undersigned, and on June 27, 2014, Eppenger

1

filed his response in opposition to the Respondent's summary judgment motion. Hence, it appears appropriate to consider the motion.

## PROCEDURAL HISTORY

The Petitioner, Stanley Eppenger, # 298136, is presently housed at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections, pursuant to orders of commitment of the Beaufort County Clerk of Court[1]. Eppenger was indicted at the January 2003 term of the Beaufort County Grand Jury for assault and battery of a high and aggravated nature (ABHAN) (2003-GS-07-81), criminal sexual conduct (CSC)-1st degree (2003-GS-07-83), and kidnapping (2003-GS-07-84). Eric Erickson, Esquire, represented Eppenger. On November 17-21, 2003, Eppenger proceeded to trial, after which the jury found him guilty as indicted. The Honorable Jackson V. Gregory sentenced him to confinement for twenty-six (26) years each for CSC-1st degree and kidnapping and ten (10) years for ABHAN. The sentences were to run concurrently.

A timely Notice of Appeal was filed on Eppenger's behalf and an appeal was perfected. Robert M. Dudek of the South Carolina Office of Indigent Defense filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) on August 15, 2005. In the

---

[1]The following documents have been made part of the record here:

1. Final Anders Brief of Appellant, August 15, 2005.
2. State v. Eppenger, Op. No. 2006-UP-090 (S.C. Ct. App. filed February 14, 2006)
3. Remittitur letter March 3, 2006.
4. Petition for Writ of Certiorari (PCR Appeal).
5. Return to Petition for Writ of Certiorari (PCR Appeal).
6. Stanley Eppenger v. State of South Carolina, Appellate Case No. 2009-148808     (S.C. Ct. App. September 8, 2012) (order denying certiorari).
7. Remittitur Letter, September 27, 2012.
8. PCR Appendix, two volumes – 518 pages.

2

Final Anders Brief of Appellant, counsel Dudek asserted as the sole arguable ground: Whether the court erred by allowing testimony about a prior volatile sexual encounter appellant had since it was irrelevant to the issue of whether the alleged victim in the case consented? (Final Anders Brief of Appellant, p. 3). The South Carolina Court of Appeals dismissed Applicant's appeal. State v. Eppenger, Op. No. 2006-UP-090 (S.C.Ct. App. filed February 14, 2006). The Remittitur was issued on March 3, 2006.

### STATE PCR PROCEEDINGS

Eppenger made an application for post-conviction relief (PCR) filed March 10, 2006. App.p. 353. The Respondent made its Return on June 16, 2006. An evidentiary hearing into the matter was convened on September 3, 2009, at the Beaufort County Courthouse before the Honorable Alexander S. Macaulay, presiding judge. The Petitioner was present at the hearing and was represented by Donald Colongeli, Esquire.

Eppenger alleged he was being held in custody unlawfully for the following reasons:

   1. Ineffective assistance of trial counsel in that counsel:

      a. Failed to engage in valid plea negotiations.
      b. Failed to object to trial court's charge that constructively amended the kidnapping indictment.
      c. Conceded Applicant's guilt during closing argument.
      d. Failed to object when judge impermissibly commented on facts of Applicant's case while giving examples to the jury during his charge.
      e. Failed to adequately prepare or spend enough time with Applicant.
      f. Did not hire a private investigator or an expert witness.
      g. Did not request Jackson v. Denno hearing.
      h. Did not make directed verdict motion.
      i. Did not review discovery material with Applicant.
      j. Did not provide mitigation during sentencing.

2. Ineffective assistance of appellate counsel in that counsel failed to raise a meritorious issue on appeal.

Eppenger testified on his own behalf at the PCR hearing, along with trial counsel. The PCR Court had before it the records of the Beaufort County Clerk of Court, Eppenger's records from the South Carolina Department of Corrections, the Record on Appeal and Supplemental Record on Appeal, the direct appeal records, the PCR application and Eppenger's pro se brief, and Respondent's Return thereto. On October 22, 2009, Judge Macaulay entered his written order of dismissal. App.p. 473-481.

Eppenger made a timely appeal from the denial of PCR relief to the Carolina Supreme Court in which he was represented by Joseph L. Savitz, Senior Appellate Defender of the South Carolina Division on Appellate Defense. On October 18, 2010, he made a Petition for A Writ of Certiorari on the merits raising the following issue:

> I. Appellate counsel failed to provide petitioner effective assistance, in violation of Smith v. Robbins, 528 U.S. 259 (2000), and Bennett v. State, 383 S.C. 303, 680 S.E.2d 273 (2009), by failing to raise on direct appeal the trial judge's supplemental charge on the immaterial relationship between the allegations of the indictment and the State's evidence at trial and that the criminal sexual conduct charge "did occur."

Petition for Writ of Certiorari, p, 2.

On September 8, 2012, the South Carolina Court of Appeals entered its order denying the petition for writ of certiorari. Stanley Eppenger v. State of South Carolina, Appellate Case No. 2009-148808 (S.C. Ct. App. September 8, 2012) (order denying certiorari). The remittitur was issued on September 27, 2012.

Eppenger's habeas corpus petition raised the following claims:

> I. Trial counsel was ineffective for failing to object to the trial court's charge that constructively amended the kidnapping charge.

4

    a. Trial court charges the jury the element of knowingly and knowledge for the indictment in the instant case omitted any reference to these elements. A trial judge could not amend the indictment (set forth by the grand jury itself)., either by striking or adding material language. These theories are not fairly embraced in the charges made in the indictment.

II. Trial counsel was ineffective for conceding petitioner's guilt to the jury during closing arguments, that was to be determined by the jury.

    a. Trial counsel overrode petitioner's plea of not guilty and told the jury that there was no doubt that his client was in fact guilty, thus telling the jury that they should find the petitioner guilty and not feel bad about it. The petitioner pled not guilty, so that puts the burden on the state to prove the defendant's guilt.

III. Trial counsel was ineffective for not objecting when the judge commented upon facts in this case during jury instructions.

    a. The trial judge in his jury instructions to the jury reflected facts of the petitioner's case in such a seminal way that these instructions, in effect were an impermissible comment of the facts of the case.

IV. Appellate counsel was ineffective for failing to raise a meritorious issue that was properly preserved for appellate review.

    a. Appellate counsel cannot provide an explanation of the claims omission and its failure to be appealed was prejudicial to the applicant; for even the trial court suggested that this issue needed to be passed on as a matter of law by the higher court.

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  nonmoving party."  <u>The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.</u>, 597 F.3d 570, 576 (4th Cir. 2010) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  "Facts are 'material' when they might affect the outcome of

the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## Habeas Standard of Review

Since Eppenger filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

Respondent seeks summary judgment on all of Petitioner's grounds for relief, and argued that, while the exhaustion doctrine is satisfied because no state remedies remain available to re-exhaust the allegations, Eppenger failed to present grounds I, II, and III in his Petition for a Writ of Certiorari from the denial of PCR, rendering those claims procedurally barred from review on the merits here. In addition, ground IV must fail because the state PCR court reasonably applied United States Supreme Court precedent in denying relief. It appears that the Respondent is correct.

### Ground One

In the first allegation, Eppenger contends that trial counsel was ineffective in failing to object to the trial judge's jury instruction on the kidnapping indictment defining "knowingly" and "knowledge" because those words were not included in the kidnapping indictment as an element. This issue was raised in the application for post-conviction relief as ground 1(b) and within his memorandum. (App.p. 360, 368-370).

The state PCR judge concluded that the claim was without merit, stating: "This Court finds that counsel was not ineffective for failing to object to the jury charge. This Court finds nothing objectionable." (App.p. 478-479). Eppenger did not raise this issue

7

in the Petition for Writ of Certiorari, making the ground improper for relief.

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991).[2]

In Coleman, the Supreme Court held that a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, so the ineffectiveness of post-conviction counsel cannot establish the cause prong to excuse a procedural default and allow federal review of defaulted grounds for relief. Coleman, 501 U.S. at 757.

The United States Supreme Court recently reiterated that attorney error on direct review may provide cause for a procedural default, and also that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." Martinez v. Ryan, --- U.S. ---, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). This holding was specifically limited to "initial-review collateral proceedings," not appellate PCR proceedings at issue here. Id. at 1320. Therefore, Eppenger failed to establish "cause"

---

[2] In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not shown–or even argued–that he is actually innocent of the at-issue crimes. Schlup v. Delo, 513 U.S. 298, 327 (1995).

for the procedural default and it should be dismissed.

### Ground 2

In his second claim, Eppenger contends that his trial counsel was ineffective in conceding guilt of the assault in his closing argument to the jury. This issue was raised in his state PCR application and memorandum. (App.p. 360, 371-375). In the Order of Dismissal, Judge Macaulay denied relief on this claim on the merits stating:

> This Court finds that counsel was not ineffective for conceding guilt on the ABHAN charge during his closing argument. Counsel testified that he could not get around the fact that Applicant was with the victim and that Applicant assaulted the victim. Counsel's closing argument was consistent with Applicant's testimony at trial, in which he admitted that he assaulted the victim. (Supplemental Record on Appeal p. 270). Counsel's trial strategy was to admit the overwhelming evidence of an attack while arguing that it was consensual sex. This Court finds that counsel articulated a valid reason for employing such a trial strategy.

(App.p. 478).

Like Ground I, this issue was not raised in the certiorari petition from the denial of PCR and is bared from consideration for relief in federal habeas corpus under the mandates of Coleman v. Thompson and its progeny. Nor has "Cause" under Coleman been shown. Furthermore, due to Eppenger's own admissions of guilt concerning the assault in his direct testimony at the trial, he is wholly unable to assert a miscarriage of justice under Coleman. See, App.p. 270, l. 10- p. 271, l. 24 and p. 305-306.

### Ground III

In Eppenger's third ground for habeas corpus relief, he claims that trial counsel was ineffective in failing to object to the instruction on assault and battery of a high and aggravated nature. Again, this issue is procedurally barred because while it was denied at the PCR hearing, it was not presented in the PCR appeal. Under Coleman, supra., it

9

should be dismissed. Eppenger has not shown cause and prejudice to excuse the default nor has he made a showing of actual innocence. The ground should be denied.

## Ground IV

In his final claim, Eppenger asserts that his counsel for his direct appeal of his conviction was ineffective in failing to assert a challenge to an amendment in the criminal sexual conduct indictment. This matter was preserved in the PCR proceedings and pleadings (App.p. 380-384) and denied by Judge Macaulay in the PCR order. (App.p. 479-480). This issue was raised as the sole ground in the PCR appeal, is exhausted, and is available for review here.

In denying relief on this claim, Judge Macaulay ordered as follows:

Ineffective Assistance of Appellate Counsel

> Applicant alleged that appellate counsel was ineffective for failing to raise an issue on appeal. A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State, 302 S.C. 535, 539, 397 S.E.2d 523 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985).
>
> The Applicant must show that appellate counsel's performance was deficient and that he was prejudiced by the deficiency. Thrift, at 537; Gilchrist v. State, 364 S.C. 173, 612 S.E.2d 702 (2005); Anderson v. State, 354 S.C. 431, 581 S.E.2d 834 (2003). When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986). Generally, the presumption of effective assistance of counsel will be overcome only when the alleged ignored issues are clearly stronger than those actually raised on appeal. Id.
>
> This Court finds that Applicant has failed to meet his burden of showing ineffective assistance of appellate counsel. Appellate counsel made the most

10

compelling argument he could make and the appeal was subsequently dismissed.

(App. p. 479-480).

Specifically, Eppenger alleged that counsel should have raised an issue, discussed infra, involving a supplemental jury instruction that the criminal sexual conduct "did occur" and that jury findings not in accord with the allegations contained in the indictment would be "immaterial," especially since the trial judge informed trial counsel, "I think that's a clear legal thing that the higher courts will have to decide." (App. 322-327). As to the present issue, trial counsel testified, "[T]he crux of our defense was the sequence in timing of the force. Our defense was that the force happened after the sex and not before." (App. 435-436). He believed that he had informed appellate counsel about the issue. (App. 438). Eppenger testified:

> Why [appellate] counsel picked an issue that was easily shredded by the Court of Appeals is not known. What is known is that appellate counsel had no explanation for the failure to raise the single most important and critical issue for appeal. Appellant's counsel failure to raise the issue indicated that he did not read the transcript very careful, if at all. He did not understand the case, and that he simply failed to apply it any competent, professional judgment in his evaluation of the potential grounds for an appeal, despite being told in no uncertain terms that changing of the indictment to better fit the testimony or lack thereof.

(App. 455-457). Appellate counsel did not testify at the PCR hearing.

As mentioned, by written order dated October 22, 2009, the PCR judge denied Eppenger relief. He found that appellate counsel had made a "strategic decision" not to raise the issue of the supplemental jury charge and had made "the most compelling argument he could make." (App. 479-480).

The indictment for first-degree criminal sexual conduct alleged that Eppenger

11

had committed the offense "by choking [the victim] until she passed out, at which time Stanley Cory Eppenger did have sexual intercourse with [the victim] and did use aggravated force to accomplish such sexual battery." (App. 500). During deliberations, the jury sent out a note requesting "clarification on the charge of criminal sexual conduct, i.e., timeline of assault and rape. The way it reads is choke, pass out and then rape." (App. 322). Defense counsel Erickson unsuccessfully objected when the judge proposed to charge the jury that is was "immaterial" if the jury did not find "the sequence as alleged on the indictment." (App. 323-324). The judge then instructed the jury:

> [T]he indictment says "did engage in sexual battery, to wit: by choking [the victim] until she passed out, at which time Stanley Cory Eppenger did have sexual intercourse with [the victim] and did use aggravated force to accomplish such sexual battery. ... I'm gone charge you . . . that the criminal sexual conduct in the first degree did occur. And if some of the sequences, or whatever, are not in accord with your findings, that would be immaterial. As long as the elements of the crime are proven to you.

(App. p. 325-326).

Counsel renewed his objection, adding, "That totally tilted the balance now in favor of the State." (App. 327). The judge stated, "I think that's a clear legal thing that the higher courts will have to decide." Id. Denying a subsequent motion for reconsideration, the judge reiterated, "I feel like that particular issue does need to be passed on by an appellate court." (App. 350-351).

Eppenger contends that appellate counsel was ineffective for failing to brief the issue of the trial court's supplemental charge to the jury, in which he amended the indictment, over the Eppenger's objection, to comport with the evidence presented at trial. Nevertheless, it appears that the PCR court properly denied the allegation of

12

ineffective assistance of appellate counsel.

A defendant is constitutionally entitled to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). "However, appellate counsel is not required to raise every non-frivolous issue that is presented by the record." Thrift v. State. 302 S.C. 535, 539, 397 S.E,2d 523 (1990). Appellate counsel has a professional duty to choose among potential issues according to their merit. Jones v. Barnes, 463 U.S. 745 (1983). Where the strategic decision to exclude certain issues on appeal is based on reasonable professional judgment, the failure to appeal all trial errors is not ineffective assistance of counsel. Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985).

The applicant must show that appellate counsel's performance was deficient and that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). When a claim of ineffective assistance of counsel is based upon failure to raise viable issues, the court must examine the record to determine "whether appellate counsel failed to present significant and obvious issues on appeal." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

In this case, appellate counsel filed an Anders brief. In Anders v. California, the United States Supreme Court announced the procedure an appointed attorney should follow if the attorney believes the client's appeal is frivolous and without merit. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The U.S. Supreme Court held the attorney could petition for permission to withdraw from the case, but that the petition for withdrawal must be accompanied by a brief "referring to anything in the record that might arguably support the appeal."' Id. at 744. Under Anders, the

13

defendant must be given time to respond and to raise any additional points after his attorney submits the Anders brief. Id.  The Court then is obligated to conduct a "full examination" of the record to determine whether the appeal is "wholly frivolous." Id. According to Anders, if the reviewing court finds the appeal is frivolous, "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." Id. at 744; State v. McKennedy. 348 S.C. 270, 278, 559 S.E.2d 850, 854 (2002).

Here, Eppenger's appellate counsel filed an Anders brief with the Court of Appeals and Eppenger did not file a pro se brief.  "Upon the receipt of the pro se brief or the expiration of the period to file a pro se brief, this Court will then proceed to review the record as required by Anders.  If no issue of arguable merit is discovered, the appeal will be dismissed and counsel's petition to be relieved will be granted." State v. Williams. 305 S.C. 116, 406 S.E.2d 357 (1991).

Counsel's actions in choosing to file an Anders brief are entitled to deference here and the burden remains on Eppenger to show both deficient performance and prejudice.  This is particularly wanting where the appellate court found no issue of arguable merit.

Even in the situation where counsel files an Anders brief, when analyzing a claim of ineffective assistance of appellate counsel, the Court applies the Strickland test. See Smith v. Robbins, 528 U.S. 259, 284, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (finding that even where appellate counsel believes his client's appeal is without merit and thus files an Anders brief, the appellant may have been entitled to a merits brief and the challenge of appellate counsel's performance should be reviewed under Strickland).  To

prove prejudice, the applicant must show that, but for counsel's errors, there is a reasonable probability he would have prevailed on appeal. No such showing has been made.

An indictment in South Carolina is a "notice" document, State v. Gentry, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005), and the original indictment for criminal sexual conduct (CSC)-1st degree read as follows:

> That Stanley Cory Eppenger did in Beaufort County on or about November 17, 2002 wilfully and unlawfully engage in criminal sexual conduct in the first degree in that Stanley Cory Eppenger, engaged in sexual battery, to wit: by choking ------------- until she passed out, **at which time** Stanley Cory Eppenger did have sexual intercourse with ----- ------ and did use aggravated force to accomplish such sexual battery.

(App. p. 500) (emphasis added).

During its deliberations, the jury requested clarification from the trial court regarding whether they needed to find that the victim was choked and passed out before the rape occurred. (App. p. 322, lines 10-20). The solicitor argued that the sequence of events was immaterial as long as the jury concluded that Petitioner was guilty of criminal sexual conduct. (App. p. 323, line 18 - p. 324, line 3). Over Eppenger's objection, the trial court granted the State's motion to amend the indictment to conform with the with the trial testimony. (App. p. 324, lines 13-17).

In his supplemental charge to the jury, the trial judge explained that the timeline was not material to the jury's decision. (App.p. 325-326). The court further instructed the jury that the State must prove beyond a reasonable doubt that at the place and time the criminal sexual conduct in the first degree did occur. (App. p. 325, line 21 - p. 326, line 14). The trial court's supplemental charge was proper and the court articulated

that the State carried the burden of proof; the trial court also properly amended the indictment.

Pursuant to section 17-19-100 of the South Carolina Code (Supp. 2006):

If (a) there be any defect in form in any indictments or (b) on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof the court before which the trial shall be had may amend the indictment (according to the proof, if the amendment be because of a variance) if such amendment does not change the nature of the offense charged.

In addition, "[A]mendments to an indictment are permissible if: (1) they do not change the nature of the offense; (2) the charge is a lesser included offense of the crime charged in the indictment; or (3) the defendant waives presentment to the grand jury and pleads guilty." State v. Means, 367 S.C. 374, 385-386, 626 S.E.2d 348, 355 (2006) (citing § 17-19-100; State v. Myers. 313 S.C. 391, 438 S.E.2d 236 (1993)), overruled on other grounds by Gentry, 363 S.C. 93, 610 S.E.2d 494.

Here, the amendment to the indictment did not change the nature of the criminal sexual conduct charge. The State was still required to prove beyond a reasonable doubt each element of criminal sexual conduct in the first degree. The amendment merely clarified that it was not necessary that the jury find the victim was sequentially choked, then passed out, then raped for the crime to be proven. The instructions were a correct statement of the law. As such, Eppenger failed in his burden of proof to show that appellate counsel was ineffective in failing to present this issue in a merit brief on this particular issue. Eppenger's contention to the contrary is without merit and Ground IV should be denied.

Conclusion

Accordingly, for the aforementioned reasons, it is recommended that Respondent's Motion for Summary Judgment (Dkt. No. 16) be granted and the Petitioner's habeas corpus petition be dismissed with prejudice. It is also recommended that a certificate of appealability be denied.[3]

IT IS SO RECOMMENDED.

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 31, 2014
Charleston, South Carolina

---

[3] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).