IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stanley Eppenger, )<br><br>Petitioner, )<br><br>v. )<br><br>Warden Joseph McFadden, )<br><br>Respondent. ) | C/A No. 2:13-1958-TMC<br><br>**OPINION & ORDER** |

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On July 31, 2014, Magistrate Judge Wallace W. Dixon filed a Report and Recommendation recommending Respondent's Summary Judgment Motion (ECF No. 17) be granted and the petition be dismissed with prejudice. (ECF No. 36). Petitioner timely filed objections to the Report on August 18, 2014. (ECF No. 39).

The Magistrate Judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id.*

In his objections, Petitioner contends that he was found not found guilty for the offense for which he was indicted. (ECF No. 39, Objections at 1). Petitioner contends that an indictment cannot be amended to allow it to conform to the trial testimony. *Id.*

The court finds Petitioner's objections to be without merit. In South Carolina, an indictment may be amended if:  1) it does not change the nature of the offense; 2) the amended charge is a lesser included offense of the original crime charged in the indictment; or 3) the defendant waives presentment to the grand jury and pleads guilty.  *State v. Means*, 626 S.E.2d 348, 355 (S.C. 2006).  *See also  Granger v. State*,  507 S.E.2d 322, 324 (S.C. 1998) (noting an indictment "may be amended at trial only if the amendment does not change the nature of the offense charged"); S.C. Code Ann. § 17-19-100 (providing, if it does not change the nature of the offense charged, the court may amend an indictment under certain circumstances, including when "on the trial of any case there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof . . .").  Here, as the magistrate judge noted, the substance and nature of the crime charged, criminal sexual conduct, was not affected by amending the indictment, and Petitioner was on notice of the changes to the indictment. Accordingly, the court finds Petitioner's objections are overruled.

Based on the foregoing, the court adopts the report (ECF No. 36), and Respondent's Summary Judgment Motion (ECF No. 17) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant

matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a

constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 21, 2014